# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 14, 2013

Lyle W. Cayce
Clerk

No. 12-51303
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN MARTINEZ-CANADA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-859-1

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Mexican national Juan Martinez-Canada (Martinez) pleaded guilty to illegally reentry following deportation, in violation of 8 U.S.C. § 1326, and was sentenced within the guidelines range to 50 months of imprisonment. For the first time on appeal, Martinez challenges the reasonableness of his sentence, arguing that it is greater than necessary to achieve the sentencing goals of 18 U.S.C. §3553(a). He contends that the illegal reentry Guideline, U.S.S.G. § 2L1.2, is not empirically based and double counts a defendant's criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

history.  Martinez additionally argues that the presumption of reasonableness should not apply to a sentence based on that Guideline, but he concedes that the argument is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009), and he raises the issue to preserve it for possible further review.  He further argues that the guideline range overstated the seriousness of the offense and failed to account for his personal characteristics and benign motive for reentry.

Because Martinez did not make any objections to his sentence or argue in the district court that his sentence was unreasonable, his arguments are reviewable for plain error only.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007) (requiring objection to substantive unreasonableness of sentence to preserve error).  Martinez acknowledges that his failure to object to his sentence in the district court results in the application of the plain error standard of review, conceding that the issue is foreclosed by *Peltier*; however, he notes that the circuits are divided on whether a failure to object to the reasonableness of the sentence upon its imposition requires plain error review, and he seeks to preserve the issue for possible review by the Supreme Court.

As Martinez correctly concedes, the argument that the presumption of reasonableness should not apply to his sentence because § 2L1.2 lacks empirical support has been rejected by this court.  S*ee United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009) (rejecting the notion that this court should examine the empirical basis behind each Guideline before applying the presumption of reasonableness); *see also Mondragon-Santiago*, 564 F.3d at 366-67.  Martinez's argument that his guidelines range was greater than necessary to meet § 3553(a)'s goals as a result of "double counting" is likewise unavailing.  *See Duarte*, 569 F.3d at 529-31.  Similarly, this court has previously rejected the argument that illegal reentry is merely a trespass offense that is treated too harshly under § 2L1.2.  *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

The record reflects that the district court expressly considered Martinez's mitigation arguments but rejected them in favor of a guidelines sentence. The within-guidelines sentence is entitled to a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 347 (2007). Martinez's argument concerning his benign economic motive for reentry fails to rebut the presumption of correctness attached to his within-guidelines sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Martinez has failed to show that the district court's imposition of a within-guidelines sentence of 50 months constituted plain error. *See Peltier*, 505 F.3d at 391-92. Accordingly, the judgment of the district court is AFFIRMED.